UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JENNIFER ENID GONZALEZ,<br>    Plaintiff,<br><br>v.<br><br>HARR TOYOTA, INC., TOYOTA FINANCIAL SERVICES, TOYOTA MOTOR CREDIT CORPORATION,<br>    Defendants | CIVIL ACTION NO.<br>4:23-CV-40145-MRG |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT, HARR TOYOTA, INC.'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT**

The defendant, Harr Toyota, Inc. (hereinafter "Harr"), hereby submits this Memorandum of Law in support of the accompanying Motion to Dismiss For Failure to State a Claim pursuant to F.R.C.P. 12(b)(6).

**I. FACTUAL ALLEGATIONS**

The plaintiff contends that on January 27, 2021, she initiated a "*consumer transaction*" at Harr but that she was not provided rescission forms as required under 15 U.S. C. § 1635(a) (Complaint ¶ 1). The plaintiff maintains that the form she was provided "*does not fully disclose the Finance* (sic) *charge*" (Complaint ¶ 1). The plaintiff then contends that Harr "s*old*" her "*original note to Toyota Financial Services*" and allowed a trade in to happen on a "*credit transaction in the amount of $7,000.00 where Harr had to take cash or credit, not both*" Complaint ¶ 1).

On October 4, 2023, the plaintiff's vehicle was repossessed (Complaint ¶ 3). The plaintiff alleges that Toyota Financial Services and Toyota Motor Credit Corporation claim to be the lien

holder but that a U.C.C. 11 search reveals differently (Complaint ¶ 3). The plaintiff alleges that she never received notices from Toyota Financial Services and Toyota Motor Credit Corporation under M.G.L. Ch. 255D §22 and M.G.L. sec. 9-611 (Complaint ¶ 3).

The Complaint does not aver any causes of action, but makes a request for relief asserting damages from Harr in the amount of $14,000.00 for providing her with alleged misleading or false information violative of 16 U.S.C. § 1611 and 15 U.S.C. 1640.

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) is the appropriate vehicle for challenging a Complaint which shows on its face that it is devoid of factual allegations. In order to withstand a motion to dismiss, a Complaint must contain allegations "*plausibly suggesting (not merely consistent with)*" an entitlement to relief and "*enough to raise a right to relief above the speculative level.*" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Complaint must contain "*more than labels and conclusions*" and in ruling upon a motion to dismiss the Court disregards legal conclusions cast in the form of factual allegations. Id. A Complaint is insufficient if it tenders "*naked assertion[s]*" devoid of "*further factual enhancement.*" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A "c*omplaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.*" Nader v. Citron, 372 Mass. 96, 98, 360 N.E.2d 870 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

When conducting its investigation, the court will look at the four corners of the complaint in addition to any documents that are incorporated by reference and attached thereto. See Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985); Beddall v. State Street Bank & Trust, Co., 137

F.3d 12, 17 (1st Cir. 1998) (while ordinary consideration of a 12(b)(6) motion must be limited to allegations in the complaint, where a complaint's factual allegations are linked and dependent upon a document, that document effectively merges into the pleadings and the trial court may review it in deciding the motion to dismiss).

### III.   ARGUMENT

**1. The Plaintiff Has Failed to State a Claim Upon Which Relief May be Granted**

    A.   **The Motor Vehicle Purchase Contract**

On January 27, 2001, the plaintiff executed a Motor Vehicle Purchase Contract (hereinafter "Contract") for the purchase of a 2020 Toyota Corolla, VIN: JTDS4RCE3LJ031704 (hereinafter "vehicle"). See Exhibit 1. Pursuant to said Contract, the vehicle's purchase price was $17,933.00. Also pursuant to the contract, the plaintiff traded in her 2016 Toyota Corolla (hereinafter "trade in automobile") and received a trade in allowance of $7,000.00. Accordingly, the Contract can be itemized as follows:

```
$17,933.00    purchase price
$    199.00   dealer prep fee
$    300.00   documentary fee
$  7,000.00-  trade in allowance
$ 11,531.00   taxable sales price of vehicle
```

However, there were other costs associated with the vehicle's purchase, as itemized below:

```
$    720.69   sales tax
$    135.00   registration and inspection fees
$  1,050.00   GAP insurance
$  1,996.00   Allstate warranty
$  3,901.69+  costs
$ 11,531.00   taxable sales price of vehicle
$ 15,432.69
```

Finally, as the plaintiff did not have a cash deposit she used her trade in automobile toward the purchase of the vehicle. Unfortunately, the plaintiff owed the trade in automobile's lien holder $11,936.71. Accordingly,

$15,432.69+
$11,936.71     payoff to trade in automobile lien holder
$27,369.40     Amount to be financed

It is important to note that the Contract has a provision for cancellation. It states that the "*purchaser may cancel this contract and receive a refund at any time until she receives a copy of tis contract signed by an authorized dealer representative. Purchaser must give written notice of cancelation to the dealer*." See Exhibit 1. The plaintiff did not cancel the Contract and went forward with financing the transaction.

B.     **The Retail Installment Sales Contract**

The plaintiff and Harr executed a Retail Installment Sales Contract (hereinafter "RISC") on January 27, 2021. See Exhibit 2. The first page of the RISC clearly defined the word "*Creditor*" as the "*Seller*" (Harr), and after its assignment, to Toyota Motor Credit Corporation and any subsequent assignee. The last page of the RISC clearly establishes that it was assigned from Harr to Toyota Motor Credit Corporation. Accordingly, contrary to the plaintiff's assertions, the RISC was not "*sold*" to Toyota Motor Credit Corporation but rather "*assigned*".

i.     **There Has been No Violation of 15 U.S.C. § 1605**

Prior to its assignment, the RISC complied with the Truth In Lending Act's requirements. On the first page of the RISC, the FEDERAL TRUTH-IN-LENDING DISCLOSURES set forth the following:

| | |
|---|---|
| "*Annual Percentage Rate*" | 4.43% |
| "*Finance Charge*" | $4,570.76 |
| "*Amount Financed*" | $27,369.40 |
| "*Total of Payments*" | $31,940.16 |
| "*Total Sales Price*" | $31,940.16 |

It is important to note that the "*Amount Financed, or the amount of credit provided to you or on your behalf*" is listed as $27,369.40. This figure is identical to the "*Amount to be Financed*" on the Contract and matches the RISC itemization of costs on page 2.

In order to calculate the "*Finance Charge*", one simply takes the monthly payment, here $380.24, and multiples it by the length of the loan, here 84 months, for a total of $31,940.16 (the "*Total Sales Price*"). Finally, one subtracts the "*Amount Financed*", here $27,369.40 from the "*Total of Payments*", $31,940.16, to get the "*Finance Charge*" of $4,570.76. All disclosures were proper. Accordingly there has ben no violation of 15 U.S.C. § 1605 committed by Harr (nor Toyota Motor Credit Corporation).

    ii.    **There Has been No Violation of 15 U.S.C. § 1635(a)**

The plaintiff then maintains that Harr did not provide the rescission forms required by 15 U.S.C. §1635(a). However, §1635(a) states:

"*(a) Disclosure of obligor's right to rescind. Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or **acquired in any property which is used as the principal dwelling of the person to whom credit is extended,** the obligor shall have the right to rescind the transaction until midnight of the third business day*

*following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor in accordance with regulations of the Bureau, of his intention to do so.*"
(Emphasis added)

The plaintiff's vehicle was not to be used as her principal place of dwelling as the Summons states that she resides at 27 Hayes Street, Apt. 1, Worcester, Massachusetts. Accordingly, there has been no violation of this section.

      iii.      **<u>Registration and Lien Properly Perfected</u>**

Harr was funded by Toyota Motor Credit Corporation. The vehicle was registered to the plaintiff. <u>See</u> Exhibit 3. The lien of Toyota Motor Credit Corporation was recorded. <u>See</u> Exhibit 4. Accordingly, any suggestion by the plaintiff that a U.C.C. 11 search suggests otherwise is simply misplaced and nonsensical as the Commonwealth of Massachusetts lien history controls. There are no valid claims against Harr.

**IV.    CONCLUSION**

WHEREAS the plaintiff has failed to state a claim upon which relief may be granted, the defendant, Harr Toyota, Inc. prays this Motion to Dismiss the entirety of the Complaint be Allowed and that the defendant be awarded its costs and attorney's fees for having to defend frivolous claims.

    HARR TOYOTA, INC., By its attorney,

    */s/ E. Pamela Salpoglou*
    E. Pamela Salpoglou, BBO #635931
    Law Office of E. Pamela Salpoglou
    P. O. Box 13
    Stoughton, MA  02072
    (781) 444-4747
    Pamela@automobileattorney.com

Dated: May 13, 2024

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 13, 2024.

                                             */s/ E. Pamela Salpoglou*
                                              E. Pamela Salpoglou