Jennifer enid Gonzalez

c/o 27 Haynes Street 1

Worcester, Massachusetts , nearby [01603]

Jennifer Enid Gonzalez, by Special Appearance

FILED IN CLERKS OFFICE

MAY 31 '24 AM10:17 USDC MA

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STATE OF MASSACHUSETTS, | ) |
|  | ) CIVIL ACTION NO. 4:23-CV-40145-MRG |
|  | ) |
|  | ) PLAINTIFF'S RESPONSE IN OPPOSITION |
|  | ) TO DEFENDANT HARR TOYOTA, INC'S., |
| Plaintiff, | ) MOTION TO DISMISS AND REBUTTAL OF |
| JENNIFER ENID GONZALEZ | ) MEMORANDUM OF LAW IN SUPPORT |
|  | ) |
| vs. | ) |
|  | ) |
|  | ) Date: May 29th, 2024 |
| HARR TOYOTA, INC., TOYOTA FINANCIAL SERVICES, TOYOTA MOTOR CREDIT CORPORATION | ) |
|  | ) |
|  | ) |
| Defendants | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HARR TOYOTA, INC'S., MOTION TO DISMISS AND REBUTTAL OF MEMORANDUM OF LAW IN SUPPORT

COMES NOW, Plaintiffs, Pro Se, JENNIFER ENID GONZALEZ, by and through Jennifer Enid Gonzalez pursuant to Massachusetts Local Rule 7.1(c)(2), allege and states as follows:

### GENERAL OBJECTIONS

Plaintiffs object to the Defendants Motion to Dismiss, asserting that it not only lacks the necessary merit but also fails to permit a thorough judicial review as required by law. This objection is supported by the principle articulated in Trinsey v. Pagliaro, 229 F. Supp. 647 (Eastern District. Pa. 1964), which established that a motion to dismiss for failure to state a claim, if not accompanied by proper Affidavits or dispositions, is incomplete. Defendants attempt to bypass the Affidavit requirement from the party involved, substituting it with a "Declaration from Attorney E. Pamela Salpoglou", is misleadingly presented as an affidavit, not only undermines the judicial process, but also deviates from the legal standards set forth in Trinsey v. Pagliaro. The reliance on counsel's statements, whether in briefs or oral arguments, without the support of authentic and verifiable evidence, is insufficient for the purposes of granting a motion to dismiss or summary judgment. Hence, the Plaintiffs contend that the Defendant's Motion not only fails to meet the requisite legal standards but also attempts to sidestep procedural norms, necessitating its denial by this court.

### RESPONSES TO OPPOSING COUNSEL'S MEMORANDUM REGARDING MOTION TO DISMISS PURSUANT TO F.R.C.P. 12 (b)(6)

**Defendants argument ( standard for 12(b)(6) Motion to Dismiss):** A Motion to dismiss under rule 12(b)(6) is the appropriate vehicle for challenging a Complaint which shows on its face that it is devoid of factual allegations. In order to withstand a motion to dismiss, a Complaint must contain allegations " plausibly suggesting (not merely consistent with)" an entitlement to relief and "enough to raise a right to relief above the speculative level". Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "more than labels and conclusions" and in ruling upon a motion to dismiss the court disregards legal conclusions cast in the form of factual allegations. Id. A complaint is insufficient if it tenders "naked aasertion[s]" devoid of "further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949(2009). A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Nader v. Citron, 372 Mass. 96, 98, 360 N.E. 2d 870 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

When conducting its investigation, the court will look at the four corners of the complaint in addition to any documents that are incorporated by reference and attached thereto. See Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985); Bedall v. Street bank and Trust, Co., 137 F.3d 12, 17 (1st Cir. 1998) ( while ordinary consideration of a 12(b)(6) motion must be limited to allegations in the complaint, where a complaint's factual allegations are linked and dependent upon a document, that document effectively merges into the pleadings and the trial of the court may review it in deciding the motion to dismiss).

**Plaintiffs Response:** Opposing counsel has asserted that the Complaint does not establish sufficient facts to state a claim for relief that is plausible on its face. However this assertion

neglects the principles established by the Supreme Court regarding the leniency afforded to Pro Se litigants and the standard for asserting the plausibility of a claim.

Firstly, the claim that the Complaint merely asserts unfunded legal conclusions without stating a claim fails to recognize that, as per Haines v. Kerner, a Pro Se complaint is to be held to less stringent standards than formal pleadings drafted by lawyers. It should only be dismissed if it appears beyond a doubt that the Plaintiff can prove no set of facts in support of their claim that would entitle them to relief

Opposing Counsel also argues that the court must disregard legal conclusions couched as fact. However, my Complaint distinguishes between factual assertions and legal conclusions, providing the Court with a factual framework that supports my legal theories. The allegations contained within the Complaint provide more than "labels and conclusions" and do a sufficient "factual enhancement" to cross the threshold of plausibility.

Furthermore, the assertion that Defendants did not breach any Identified contract is premature at this stage. Trinsey v. Pagliaro clarifies that statements of counsel in briefs are not sufficient for granting motion to dismiss. The factual determination and the existence or breach of contract are determinations to be made upon a fuller record- potentially after discovery, which is precluded by dismissal at the pleading stage.

In conclusion, Defendant's motion to dismiss under Rule 12(b)(6) should not be granted. The Complaint does allege sufficient factual content to allow the court to infer that the defendants are liable for the misconduct alleged, satisfying the standard set forth in Iqbal and Twombly. The additional latitude afforded to Pro Se litigants further supports the position that the Complaint should survive the motion to dismiss to allow full development of the factual record. Therefore, I

respectfully request that the court deny the motion to dismiss and allow the case to proceed to discovery, where the Plaintiff will have the opportunity to substantiate the claims presented and establish the Defendant's liability and merits.

**Defendant's rhetorical argument I (Motion to Dismiss Plaintiff's Complaint for failure to State a claim )**

The plaintiff contends that on January 27, 2021, she initiated a "consumer transaction" at Harr but that she was not provided rescission forms as required under 15 U.S.C. § 1635(a) (complaint 1). The plaintiff maintains that the form she was provided "does not fully disclose the finance charge (sic) charge" (Complaint 1). The Plaintiff then contends that Harr "sold" her "original note to Toyota Financial Services" and allowed a trade in to happen on a "credit transaction in the amount of $7,000.00 where Harr had to take cash or credit, not both" (Complaint 1).

On October 4th, 2023, the plaintiff's vehicle was repossessed(Complaint 3). The Plaintiff alleges that Toyota Financial Services and Toyota Motor Credit Corporation claim to be the lien holder but that a U.C.C. 11 search reveals differently(Complaint 3). The Plaintiff alleges that she never received notices from Toyota Financial Services and Toyota Motor Credit Corporation under M.G.L. Ch. 255D and M.G.L. sec. 9-611(Complaint 3).

The Complaint does not aver any cause of action, but makes a request for relief asserting damages from Harr in the amount of $14,000.00 for providing her with alleged misleading or false information violative of 15 U.S.C. § 1611 and 15 U.S.C. § 1640.

**Plaintiff's Response:**

Plaintiff hereby submits this response in opposition to Defendant's motion to dismiss for breach of contract. Defendants assert the Complaint does not aver any cause of action. However, plaintiff has clearly alluded to a specific set of contracts and documents that form the basis of the commercial relationship between the parties.

Defendant fails to acknowledge that plaintiff has been trying to settle this matter since October 13th, 2023. I have noticed certain violations in the contract which I brought to the Defendants' attention. I rescinded my consent to be liable to perform on the contract agreement I entered with Harr Toyota on January 27, 2021, and the reason is because I entered into this contract without Full Disclosure of my right to rescind, 2) the transparency regarding the process of the consumer credit application being the financial asset (12 U.S.C. § 360.6(2) that funded the transaction. The terms of the contract were not fully disclosed to me, the salesperson told me to give him some time and he came back with everything finalized and only told me that the finance charge was going to be the interest I would be paying, I didn't know I was able to cancel the transaction. Harr never provided me with the correct forms according to 15 U.S.C.§ 1635 and M.G.L. part III, Title IV, chapter 255D section 9.

According to 15 U.S.C. § 1605 charges which are included in the finance charge include;

1. Interest, time price differential, and any amount payable under a point, discount, or other system or additional charges
2. Service or carrying charge
3. Loan fee, finder's fee or similar charge
4. Fee for an investigation or credit report

5. Premium or other charge for any guarantee or insurance protecting the creditor against the obligor's default or other credit loss
6. Borrower-paid mortgage broker fees, including fees paid directly to the broker or the lender.
7. Life insurance, accident, or health insurance premiums are also included in the finance charge.

In conclusion, I was never disclosed with these terms, instead I was told I needed to get separate coverage for the vehicle. According to the agreement I entered with Harr, my GAP insurance for the amount of $1,050.00 was also to be added to the finance charge but Harr failed to do so. There was also an insurance premium charge that was not added to the Finance charge. This insurance premium is shown in the purchase agreement as Allstate, for the amount of $1,996.00. In my prior notices sent to Harr Toyota, Inc., I informed the Defendant(Harr) about what was to be included in the finance charge but the Defendant(Harr) only chose to answer to certain parts of my notices.

The plaintiff was not given enough time to better understand the contract. At the moment the plaintiff entered into this agreement the plaintiff was under pressure because I needed to find a reliable vehicle in order to provide for my family. Not at my full capacity. The Plaintiff trusted that the salesperson was acting in Good Faith. I have reason to believe that Harr Toyota willingly and knowingly took advantage of me and my consumer credit. The defendant(Harr) also claims to have assigned "Retail Installment Contract" to Toyota Motor Credit Corporation. M.G.L PART III, TITLE IV, CH. 255D SECTION 9 states the following; the seller shall not negotiate, transfer, sell, or assign any such agreement to a finance company or to another third party prior to midnight of the fifth business day following the day the agreement was signed. Pursuant to 12

C.F.R. § 1026.23(b)(1) in a transaction subject to rescission a creditor shall deliver two copies of the notice to each consumer entitled to rescind. The notice shall be a separate document that identifies the transaction and shall clearly and conspicuously disclose the following;

(i). The retention of a security interest in the consumer's dwelling

(ii). The consumer's right to rescind the transaction.

(iii). How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business

(iv). The effects of rescission, as described in paragraph (d) of this section

(v). The date the rescission period expires.

The Plaintiff went to the dealer located at 100 Gold Star Boulevard, Worcester, MA 01606, to acquire a vehicle for personal use. The salesman asked if I had any money to put down towards the vehicle and asked that I complete the application to see if I would be approved or not for financing through Toyota Motor Credit Corporation. I did not have any money, but I did have a 2016 Toyota Corolla. However, once the salesman returned, he verbally stated that I could have better chances of getting approved if I traded my vehicle for an allowance of $7,000. According to the Kelly Blue book, my vehicle was undervalued, and I trusted the salesman once again. The fair market value of my 2016 Toyota Corolla is between $8,417.00-$9,896.00. The next thing the Plaintiff noticed is that the contract at the top states: **"You, the Buyer** and (co-buyer, if any), may buy the vehicle below for CASH or CREDIT . By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Creditor- seller (sometimes "we" or "us" in this contract) the amount financed and finance charge according to

the payment schedule below". Now I am no genius, however, this contract is very deceptive and misleading. It is informing the "buyer" that I could either buy the vehicle for cash or credit. (Meaning one or the other not both cash comparables and on credit. The finance charge by law is the **SUM** of **ALL** charges and a separate down payment or trade-in shall not be payable in connection with a consumer credit transaction . I am in question as to why I was misled by the salesman that the plaintiff, the Buyer, was required to trade in my 2016 Toyota Corolla when a credit transaction had already taken place. Please help me put this together, Harr claims that the plaintiff owed $11,936.71 on the 2016 Toyota Corolla and that they paid off my prior loan, this amount was added to the amount financed. How does the plaintiff benefit from this? HARR got to keep my vehicle and also receive the full amount after selling the Plaintiff's contract to Toyota Motor Credit Corporation. Can the Defendant provide me with proof of how they paid off my Prior loan?

I was told to wait while the salesman went to grab my contract and to finalize everything with the finance manager. After waiting maybe about 40 minutes, the salesman approached me with the Retail Installment Contract. The salesman briefly went over the contract with me and asked me to sign . On the date of signing the contract I had no idea how misleading and deceptive the entire transaction was as I am aware today. On January 27, 2021, the Plaintiff completed the application (**Instrument**) issued to me by the salesman. After signing the application (**Instrument**) the Plaintiff issued it back to the salesman as an account receivable . In layman's terms: the instrument was an asset to cover the cost of the 2020 Toyota Corolla Se. I was never informed that my application(instrument) would be sold to Toyota Motor Credit Corporation on

my behalf for what the amount of the financed box displayed under the Truth in Lending Disclosure section, as shown on page 6 of the Retail Installment Contract. **-MISLEADING.**

Under the Truth-In-Lending Disclosures section the amount financed is listed in the amount of $27,369.40. This Box states that the amount listed is the amount of credit provided to you or on your behalf". Pursuant to 12 U.S. Code § 1431 banks cannot lend money; banks are borrowers. My application(**Instrument**) was sold to TOYOTA MOTOR CREDIT CORPORATION as an asset, the finance company credited HARR TOYOTA, INC., in the amount of $ 31,940.16 on my behalf for the asset completed by I the Buyer.

Lastly, the Plaintiff has requested from the Defendant to fully disclose the ledger history of this transaction, all bookkeeping entries and financial statements associated with the loan, the deposit slip for the deposit of the borrowers Promissory note associated with the loan, the original promissory note, front and back, associated with the loan, and verification that the Plaintiff promissory note was a free gift to the creditor from the Plaintiff, since HARR TOYOTA did in fact receive full payment for the Note. Proof that HARR TOYOTA INC., did in fact follow all federal Reserve Bank Rules, policies and Procedures. That HARR TOYOTA INC, complied with GENERALLY ACCEPTED ACCOUNTING PRINCIPLES as stated in Title 12, chapter VII of the U.S. code of Federal Regulations (12 C.F.R. 741.6). But Defendant(Harr) has refused to respond and provide me with the requested bookkeeping entries and financial statements.

Defendant's Declaration is objectionable. It is an unsworn Declaration of E. Pamela Salpoglou, it should be considered hearsay and thus not admissible evidence. The defendant has not presented any sworn affidavits or admissible evidence that would allow the court to consider their claims

and the legality of their actions. Trinsey v. Pagliaro, sets the precedent that statements of counsel in briefs or arguments are not sufficient for purposes of granting a motion to dismiss. Affidavits or sworn declarations are required when presenting facts in support of a motion to dismiss.

Plaintiff has alleged facts which, taken as true, are sufficient to raise a claim for breach of contract that is plausible on its face. The Defendant's motion to dismiss relies on inappropriately narrow interpretation of contractual obligations and an impermissible use of hearsay to dispute the factual allegations in the complaint. The absence of any affidavits or appropriate evidentiary support renders Defendant's arguments insufficient to warrant dismissal at this stage. Plaintiff respectfully requests that the court deny Defendant's motion to dismiss the breach of contract claim and allow the case to proceed to discovery.

**Defendant's Argument 2 ( The plaintiff has failed to state a claim upon which relief may be granted)**

### A. The motor vehicle purchase contract

On January 27, 2021, the plaintiff executed a Motor vehicle purchase contract ( hereinafter "contract") for the purchase of a 2020 Toyota Corolla, VIN: JTDS4RCE3LJ031704 (hereinafter "vehicle"). See Exhibit 1) pursuant to said contract, the vehicle's purchase price was $17,933.00. Also pursuant to the contract, the plaintiff traded in her 2016 Toyota Corolla (hereinafter "trade in automobile") and received a trade in allowance of $7,000.00. Accordingly, the Contract can be itemized as follows:

$17, 933.00    purchase price
$ 199.00       dealer prep fee

$ 300.00   documentary fee

$ 7,000.00   trade in allowance

---

$11,531.00   taxable sales price of vehicle

However, there were other costs associated with the vehicle's purchase, as itemized below:

$ 720.69   sales tax

$ 135.00   registration fee and inspection fees

$ 1,050.00   GAP insurance

$1,996.00   Allstate Warranty

---

$3,901.69$^+$ cost

$11,531.00 taxable sales price of vehicle

---

$15, 432.69

Finally, as the plaintiff did not have a cash deposit she used her trade in automobile toward the purchase of the vehicle. Unfortunately, the plaintiff owed the trade in automobile's lien holder $11,936.71. Accordingly,

$15,432.69$^+$

$11,936.71 payoff to trade in automobile lien holder

---

$27,369.40 Amount to be financed

It is important to note that the contract has a provision for cancellation. It states that the "purchaser may cancel this contract and receive a refund at any time until she receives a copy of this contract signed by an authorized dealer representative. Purchaser must give a written notice

of cancellation to the dealer." The plaintiff did not cancel the contact and went forward with financing the transaction.

B. The Retail Installment Sales Contract

The plaintiff and Harr executed a Retail Installment Sales Contract (hereinafter "RISC") on January 27, 2021. The first page of this RISC clearly defined the word "creditor" as the "seller" (Harr), and after assignment, to Toyota Motor Credit Corporation and any subsequent assignee. The last page of the RISC clearly establishes that it was assigned from Harr to Toyota Motor Credit Corporation. Accordingly, contrary to the plaintiffs assertions, the RISC was not "sold" but rather "assigned"

**Plaintiff's Response:**

Plaintiff has alleged facts which, taken as true, are sufficient to raise a claim for breach of contract that is plausible on its face. The Defendant's motion to dismiss relies on inappropriately narrow interpretation of contractual obligations and an impermissible use of hearsay to dispute the factual allegations in the complaint. The absence of any affidavits or appropriate evidentiary support renders Defendant's arguments insufficient to warrant dismissal at this stage. Plaintiff respectfully requests that the court deny Defendant's motion to dismiss the breach of contract claim and allow the case to proceed to discovery. Defendant must provide the FULL ACCOUNTING AND BOOKKEEPING ENTRIES according with the Generally Accepted Accounting Principles.

Plaintiff has Knowledge of how Toyota Motor Credit Corporation purchases the purchase agreement and RISCs from Dealers like Harr Toyota and Lexus. According to Toyota Motor

Credit Corporation's trust indenture, Receivables purchase agreement, Form 10k, Form 8K and many others that I had no clue about, the Defendant did in fact sell and assign my note to Toyota Motor Credit Corporation, which is why the Plaintiff has been requesting the Accounting of this transaction. The last page on the RISC states "Seller sells and assigns to Toyota Motor Credit Corporation ("TMCC") all of its rights, title interest in this Contract in accordance with the terms of Retail Sales Financing Agreement between Seller and TMCC".

The defendant claims that there were no violations but according to the Truth-In- Lending and title 15 U.S.C. § 1605 the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is being extended. I was never shown the terms of said contract. I (plaintiff) didn't know I was able to add my insurance Premium, GAP insurance, service or carrying charge, loan fee, life insurance, accident or health insurance. The plaintiff was only told that the Finance charge was going to be the interest charge I needed to pay the finance company.

**Plaintiff's Conclusion:**

Plaintiff submits this Memorandum in opposition to Defendant's Motion to Dismiss the Complaint in its entirety. Defendants have characterized the plaintiff's claims as meritless and frivolous .Asserting that the plaintiffs have failed to state a claim upon which relief can be granted. Plaintiff maintains that my claims are well-founded, and that sufficient factual detail has been provided to survive a motion to dismiss.

    I.    **Plaintiff has Pled sufficient facts Entitling me for Relief.**

Contrary to Defendant's assertions, plaintiff has provided a detailed account of the facts that give rise to their actions. The Federal Rules of Civil Procedure require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2), which plaintiff has satisfied. The details regarding the contract in question and the breach of contract have been outlined in the complaint, providing Defendants with adequate notice of the claims and the grounds upon which they rest.

II.  **The Nature of Contracts and fiduciary duties**

Plaintiff asserts that the contract and document at issue hold significance beyond thor plain text and discovery will reveal the full extent of the parties obligations and defendants breaches thereof. Furthermore, the Complaint articulates how defendants actions or lack thereof have led to the alleged breach of contract.

Plaintiff respectfully requests that the court deny defendants' motion to dismiss the Complaint. The plaintiff has presented more than mere labels and conclusions; I have provided factual allegations that, if proven, establish Defendants' liability. Dismissal at this stage would be inappropriate and unjust, depriving me of the opportunity to prove my case on merits.

Respectfully submitted,

By: _Jennifer-Enid Gonzalez_   Dated: _May 29, 2024_

Attorney in Fact

## VERIFICATION

  In Witness whereof, knowing the law of bearing false witness before God and men, I solemnly affirm that I have read the foregoing and know the contents thereof to be true to the best of my knowledge except as to the matters which are therein stated on my information or belief, and as to those matters, I believe them to be true. These instruments are submitted upon good faith belief that they are grounded in fact, warranted by existing law or a good faith argument for the modification or reversal of existing law, and are submitted for proper purposes and not to cause harassment and unnecessary delay or costs.

Respectfully submitted without prejudice, U.C.C. § 1-308,

By: _Jennifer - Enid : Gonzalez_

Attorney in Fact for

JENNIFER ENID GONZALEZ, Plaintiff

I, _Jennifer Enid Gonzalez_, certify that I have served the Defendant(Harr) a true and correct copy of this legal document on this May 29, 2024, and that I also filed a copy of this legal document with the Court Clerk on the above-specified date.

Submitted on this __29__ day of May

By: _Jennifer - Enid : Gonzalez_

Attorney in Fact for JENNIFER ENID GONZALEZ

## Certificate of Service

Plaintiff certify that on May 29th, 2024, the foregoing, PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S (HARR) MOTION TO DISMISS was filed with the Clerk of this court via postal mail. I further certify that, on the same date, the same document was served on counsel listed below via postal mail.

Distribution:


HARR TOYOTA INC.

E. Pamela Salpoglou, BBO#635931

Law Office of E. Pamela Salpoglou

P.O. Box 13

Stoughton, MA 02072

(781) 444-4747

pamela@automobileattorney.com