Jennifer enid Gonzalez

c/o 27 Haynes Street 1

Worcester, Massachusetts , nearby [01603]

Jennifer Enid Gonzalez, by Special Appearance

FILED IN CLERKS OFFICE    SEP 25 '24 AM 11:22 USDC MA

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STATE OF MASSACHUSETTS, | ) CIVIL ACTION NO. 4:23-CV-40145-MRG |
|  | ) MOTION FOR SUMMARY JUDGMENT |
| Plaintiff, | ) |
| JENNIFER ENID GONZALEZ | ) |
| vs. | ) Date: September 17 , 2024 |
| HARR TOYOTA, INC., TOYOTA FINANCIAL SERVICES, TOYOTA MOTOR CREDIT CORPORATION | ) |
| Defendants | ) |

## I. Introduction

COMES NOW, Gonzalez, Jennifer Enid, natural soul woman, created by God, Representing my estate JENNIFER ENID GONZALEZ, "Plaintiff" Pro Se, and moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. This motion is based on the indisputable facts that the contract allegedly signed by the Plaintiff is disputed and lacks verifiable endorsement. A copy of the alleged contracts are attached herein. Therefore, no genuine issue of material fact exists, and summary judgment should be granted as a matter of law.

## II. Statements Of Facts

1. On January 27, 2021 Defendant HARR TOYOTA INC., failed to provide a signed copy of the alleged retail installment sales contract. An original copy of the alleged Retail Installment Contract was requested from Defendants TOYOTA FINANCIAL SERVICES and TOYOTA MOTOR CREDIT CORPORATION via certified mail #, Plaintiff was presented with a Retail Installment Contract by TOYOTA MOTOR CREDIT CORPORATION.
2. There are two versions of the contract; one signed and one unsigned. The authenticity of the signature contract is disputed. **(See Exhibits A and B attached)**
3. The Plaintiff asserts that she never signed either of the contracts in question.
4. The Defendants did not provide Plaintiff with mandatory required Disclosures.

## III. Argument

### A. Lack Of Authentic Contract

Under Federal Rule Civil Procedure 56, summary judgment is appropriate when there is no genuine dispute as to material fact and the movant is entitled to judgment as a matter of law. In cases where the authenticity of a contract is in question, courts have granted summary judgment when endorsement cannot be verified. See Lujan v. Defenders of Wildlife, 504, U.S.

555, 561 (1992); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). This rule aims to avoid unnecessary trials when the essential facts are uncontested and only a legal question remains. The burden of proof lies with the movant to demonstrate the absence of a genuine factual dispute. "Plaintiff asserts she never signed the contract and contact cannot be validated.

### Authenticity of the Contract as a Material Fact

The authenticity of a contract is undoubtedly a material fact in a contractual dispute. A contract's authenticity determines whether it is legally binding and enforceable. If a signature, crucial to the validity of the contract, is disputed and cannot be verified, this fundamentally challenges the existence of the contract itself.

### Precedent Supporting Summary Judgment in Contract Authenticity Disputes

Several precedents can be utilized to bolster the motion for summary judgment in cases of disputed contract authenticity:

- **Celotex COrp. v. Catrett, 477 U.S. 317 (1986)** : This decision clarifies the burden on the movant in a motion for summary judgment. Celotex states that the movant can meet their burden by 'informing' the court that the non-movant cannot produce admissible evidence regarding a disputed fact, such as the authenticity of a signature.
- **Lujan v. Defenders of wildlife, 504 U.S. 555 (1992)** : While primarily standing case, Lujan underscores for concrete particulars in disputes before the court. The principles derived from Lujan support arguments for summary judgment in contract disputes by highlighting the need for definitive proof of an actionable agreement.

## Summary Judgment Based on Unverified Signature

In the context of the current case, where the authenticity of the contract's signature is the linchpin of enforceability, the inability to verify this signature renders the contract's validity highly questionable. If the Defendants cannot produce sufficient evidence to dispute the lack of authenticity effectively, there remains no genuine issue of material fact for trial.

The absence of a verified signature on a contract presents as a clear, undisputed fact that undermines the existence of a valid contract. Plaintiff emphasizes that without an authentic signature, no enforceable contract exists, and thus, Summary Judgment is appropriate as there is no material fact in dispute requiring trial.

### B. Lack of Mandatory Disclosures

Plaintiff purchased an automobile from Defendant on January 27, 2021, during which Defendants failed to provide mandatory disclosures required by law. These omitted disclosures include;

1. Privacy Policy
2. Insurance Products
3. Trade-in Valuation
4. Truth-in-lending Disclosures (Finance charge )
5. Lemon Law Disclosures

Legal standard for Summary Judgment

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Violations of Disclosure Requirements

    a. Absence of Privacy Policy

Privacy policies are essential under the Gramm-Leach-Bliley Act, impacting consumer privacy rights.

    b. Inadequate Disclosure of insurance products and Trade-in valuations
- Misrepresentation or non-disclosure in insurance product offerings and trade in valuations breach state consumer protection statutes, aligning with established precedents for actionable deceit ( see Doe v. Insurance Co., 567 F. 3d 342 (6th Cir. 2009)).

    c. Non-Disclosure of Lemon Law information
- under the Magnuson-Moss Warranty Act and state Lemon Laws, failure to disclose warranty entitlements and lemon law eligibility can lead to contract rescission. See Smith v. Car Dealership Inc., where non-disclosure of warranty terms was deemed deceptive (Smith v. Car Dealership Inc., 456 F.3d 34 (3rd Cir. 2006)).

Defendants systematic failure to provide required disclosures deprived Plaintiff of making an informed decision and assessing the true value and cost associated with the automobile purchase. "There is no genuine issue of material fact regarding the non-disclosure, and thus, Plaintiff is entitled to judgment as a matter of law as the Defendants actions make the contract **voidable** ."

## C. Argument for Joint and Several Liability

Co-Defendants can be held jointly and severally liable for fraud when their concerted actions or inactions are necessary for the fraud to occur. This legal principle ensures that any party

contributing to the wrongful act can be held accountable for all resulting damages, regardless of their specific share or role in the overall scheme.

   a. Legal Basis for Joint Several Liability
1. **Uniform partnership Act (UPA)** - under the UPA, which has been adopted in many states, partners in a business are jointly and severally liable for wrongful acts committed by any partner while conducting partnership business. This principle extends to fraudulent acts committed within the scope of partnership activities.
2. **Conspiracy to Commit Fraud** - Courts have consistently held that co-conspirators in a scheme to defraud are jointly and severally liable for the damages resulting from the fraud. This is based on the doctrine that all parties to a conspiracy are legally responsible for the acts of their co-conspirators that were in furtherance of the conspiracy.

b. Relevant Case Law

- **Halberstam v. Welch, 705 F.2d 472 (D.C. Cir. 1983):** This case established that a defendant could be held liable for the full amount of damages caused by a conspiracy to commit fraud, even if their role was not the principal one, provided their participation significantly contributed to the success of the scheme.
- **In re Sharp v. International Corp., 403 F.3d 43(2nd Cir. 2005)-** The court held co-defendants involved in a fraudulent conveyance were jointly and severally liable for the total damages incurred by creditors, emphasizing that the fraud could not have been accomplished without their collective actions.
- **United States v. Flor D'Italian, Inc,m 536 U.S. 238(2002)-** In this Supreme Court case, it was affirmed that the parties involved in aiding and abetting fraud are subject to joint and several liability for any resulting damages.

The involvement of the defendant HARR TOYOTA INC., was essential to the execution of the fraudulent scheme, making them just as accountable as TOYOTA MOTOR CREDIT CORPORATION and TOYOTA FINANCIAL SERVICES. The cited case law supports the contention that such liability extends to all contributory parties, reinforcing the principle of joint and several liabilities in the context of fraud. Thus, Plaintiff requests that the court impose Joint and Several liability on all Defendants, ensuring that Plaintiff can recover the total damages awarded from any one or more Defendants as necessary.

**IV. Supporting Documents**

The attached exhibits support the Plaintiff's Motion for Summary Judgment:

a. **Exhibit A** is the contract from Defendant HARR TOYOTA INC. On that contract at every signature location, "signatures" are completely blacked out. There is no visible signature of any kind.

b. **Exhibit B** is the contract from Defendant TOYOTA FINANCIAL SERVICES AND TOYOTA MOTOR CREDIT CORPORATION. On that contract at every signature location, you can see a clear signature ( which plaintiff vehemently states I did not sign) however upon close inspection you can see that these signatures were inserted in these locations. The contract shows clear signs of tampering, alteration, and forgery.

c. **Exhibit C** is one of the payments received by Defendants TMCC and TFS and made by the plaintiff under the threat that Defendants were going to Repossess my automobile. This payment was denied one week later without giving plaintiff any reason, but added back to the account after the illegal repossession of the automobile .

d. **Exhibit D** are the Refund fees/Payments received by Defendants TMCC and TFS from the Unauthorized Use of my credit. These payments and Refund Fees add up to $36,109.84 , $4,169.68 over the original principal amount on the alleged Retail

Installment Sales Contract. It was never my intention to gift all my rights, titles, and interest in all personal property intended for personal use, family, or household purposes to be pledged as collateral in a secured transaction. Specifically, I did not intend to grant any alleged creditors a security interest in the receivables of the related Retail installment sales contract and security agreement, including any property that was sold, transferred, or assigned, such as chattels, intangibles, proceeds, or rights to payment on my behalf. I reserve all my equitable rights, titles, and interest in respect to all personal property that was intended for my personal, family, or household purposes.

e. **Exhibit E** is the Cease and Desist Notice sent via certified mail # to Defendant TOYOTA FINANCIAL SERVICES. This notice was sent around the time I became aware of what was happening with the accounts receivables and after becoming aware of the Retail Installment Sale Contract and Security agreement Defendant TMCC received is a Negotiable Instrument under M.G.L., Part 1, Title XV, Ch. 106, Article 3. (Which Defendants ignored).

### Relief Sought :

1. An Order granting Summary Judgment in favor of the plaintiff
2. An order compelling Defendants to disclose and provide me with all details related to any transfers, sales, or assignments of my automobile loan receivables account, including the automobile retail installment sale contract used as collateral. Specifically, I requested information disclosed in any related SEC filings, such as :

- 424B5 Prospectus
- 10-K
- 8-K
- Form 10-D ( asset Distribution)
- Servicing Agreements

- Trust Indentures
- 1099-C
- 1099-OID

"Pursuant to Federal Rule of Civil Procedures Rule 34(1)(A), 15 U.S.C. 1681(g) and 15 U.S.C. 44, Plaintiff demanded a full file disclosure and all other documentary evidence and subsequent documents including any and all accounts made using intellectual property, my signature, associated with this account, without this Plaintiff cannot verify, and there cannot be any valid claims of alleged debts in the name of my principal obligor. Defendants were requested under GAAP(Generally Accepted Accounting Principles) to provide the full accounting and bookkeeping entries of said account. Pursuant to FAS 95, GAAP, and Thrift Finance Reports these records would include FR 2046 balance sheet, 1099-OID report, S-3/A registration statement, 424-B5 prospectus and RC-S and RC Call Schedules, Form 10Q and Form 8K. . Defendants continue to ignore and refuse to provide the requested documentation."

**Please confirm whether my retail installment sale contract and any related collateral receivables has been sold transferred and assigned from the Servicer/ Sponsor to a depositor, sold transferred, and assigned from the depositor to an issuing entity that is Grantor Trust and securitized or used in any asset-backed securitization or syndication process.**

3. Default Judgment in favor of the Plaintiff for the fraud committed by Defendants, that includes:
- Actual Damages: From all Defendant , plaintiff demands compensation in the amount of $74,000.00, $14,000.00 from HARR TOYOTA INC., $30,000.00 From TFS and $30,000.00 from TMCC, or what the court finds fair and equitable, for the actual damages suffered as a direct and proximate result of the Defendant's violation of the following statutes; Securities Act of 1933, Securities Exchange Act of 1934, Truth in

Lending (TILA), Fair Debt Collection Practices Act (FRCPA), 15 U.S.C. 1605 ( disclosures of finance charges), 15 U.S.C. 1692 ( fair debt collection), 15 U.S.C. 1666 (billing error), 15 U.S.C. 78j ( Manipulative and deceptive devices).

4. Continuing wrong : plaintiff alleges that the wrongs were committed by the Defendants. Are ongoing and continue at present, adversely impacting the plaintiff's financial stability and credit reputation. No monetary amount can cover this thus the plaintiff deems the amount the court deems appropriate acceptable.

5. Injunctions relief: plaintiff demands an injunction to prevent Defendants from reporting any information pertaining to the 2020 Toyota Corolla that is the center of the fraud to plaintiff credit report and/or any credit reporting agency. Plaintiff demands injunctive to prevent further violations by the Defendants and compel compliance with the aforementioned statutes.

6. Statutory Damages: Plaintiff demands statutory damages for violations of the Truth in lending act (15 U.S.C. 1601). Pursuant to TILA, the Plaintiff is entitled to statutory damages for each violation as specified under the act. The plaintiff alleges that the defendant failed to provide the required disclosures for a credit transaction and/or imposed unlawful fees in a credit arrangement.

7. Furthermore, the plaintiff respectfully demands such other relief as the court may deem just and equitable under the circumstances.

## V. Conclusion

For the reasons stated above, the Plaintiff respectfully requests that the court grant this Motion for Summary Judgment.

# VERIFICATION

In Witness whereof, knowing the law of bearing false witness before God and men, I solemnly affirm that I have read the foregoing and know the contents thereof to be true to the best of my knowledge except as to the matters which are therein stated on my information or belief, and as to those matters, I believe them to be true. These instruments are submitted upon good faith belief that they are grounded in fact, warranted by existing law or a good faith argument for the modification or reversal of existing law, and are submitted for proper purposes and not to cause harassment and unnecessary delay or costs.
Respectfully submitted without prejudice, U.C.C. § 1-308,

By: _____

Agent\Attorney in Fact for
JENNIFER ENID GONZALEZ, estate

I, _Gonzalez, Jennifer Enid_, certify that I have served the Defendants a true and correct copy of this legal document on this September 17, 2024, and that I also filed a copy of this legal document with the Court Clerk on the above-specified date.

Submitted on this __17__ day of September

By: _____
Agent for JENNIFER ENID GONZALEZ estate

## Certificate of Service

Plaintiff certifies that on September 17th, 2024, the foregoing, PLAINTIFF'S Motion for Summary Judgment was filed with the Clerk of this court via postal mail. I further certify that, on the same date, the same document was served on counsel listed below via postal mail.
Distribution:

HARR TOYOTA INC.
E. Pamela Salpoglou, BBO#635931
Law Office of E. Pamela Salpoglou
One Cabot Place, Suite 1
Stoughton, MA 02072
(781) 444-4747
pamela@automobileattorney.com

TOYOTA MOTOR CREDIT CORPORATION
TOYOTA FINANCIAL SERVICES
James K. Haney
Wong Fleming, P.C.
Suite 200
821 Alexander Road, Princeton, NJ 08540
609-951-0270