UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JENNIFER ENID GONZALEZ,

    Plaintiff,

    v.

HARR TOYOTA INC., et al,

    Defendants.

4:23-CV-40145-MRG

**GUZMAN, D.J.**

**MEMORANDUM AND ORDER REGARDING REPORT AND RECCOMENDATION ON DEFENDANT HARR TOYOTA INC.'S MOTION TO DISMISS [ECF Nos. 11 & 48]**

### I. Introduction

Before the Court is Defendant Harr Toyota Inc.'s motion to dismiss Plaintiff Jennifer Enid Gonzalez's complaint for failure to state a claim. [ECF No. 11]. This Court referred the motion to Magistrate Judge Hennessy, who issued a Report and Recommendation (the "R&R") calling for the case against Harr Toyota to be dismissed without prejudice. [ECF No. 48]. Plaintiff, proceeding *pro se*, has four lodged timely objections to the R&R [ECF No. 50], to which Harr Toyota filed a response [ECF No. 52]. Harr Toyota did not lodge any of its own objections to the R&R. For the following reasons, the Court overrules each of Plaintiff's objections adopts in full the R&R. The facts and procedural history of this case are provided in detail in the R&R with which the Court assumes familiarity.

### II. Standard of Review

A district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make

"a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the parties have objected." Id.; see Fed. R. Civ. P. 72(b)(3). Ordinarily, a party is "not entitled to a *de novo* review of an argument never raised" before the magistrate judge. Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). Importantly, "[c]onclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)." Velez-Padro v. Thermo King de P.R., Inc., 465 F.3d 31, 32 (1st Cir. 2006).

### III. Plaintiff's Four Objections

#### a. Objection #1

Plaintiff's first objection targets Magistrate Judge Hennessy's conclusion that the complaint fails to state a claim. [ECF No. 50 at 2]. Specifically, Plaintiff argues that she has "discovered evidence that the defendant's attorney relied on a forged document, not the original, in asserting their defenses and arguments." [Id.] This objection is unmeritorious. For starters, Plaintiff's bald accusation about a supposedly forged document is unconvincing. See e.g., Berger v. United States, No. CV-21-08222-PCT-DLR, 2022 U.S. Dist. LEXIS 233759, at *4 (D. Ariz. Dec. 29, 2022) ("Bald accusations are not evidence…and they do not establish that the R&R erred.") Secondly, Plaintiff does not specify *which document* was allegedly forged, nor does she explain how its contents would have affected Magistrate Judge Hennessy's legal analysis. [See ECF No. 50]. Thirdly, this argument does not appear to have been made before Magistrate Judge Hennessy and it is therefore deemed waived. Guzman-Ruiz v. Hernandez-Colon, 406 F.3d 31, 36 (1st Cir. 2005) ("We note first that plaintiffs did not make this argument to the magistrate, and it is therefore waived.").

### b. Objection #2

Plaintiff's second objection is that Harr Toyota failed to make certain required disclosures under the Truth in Lending Act ("TILA"). [ECF No. 50 at 2-3]. Specifically, Plaintiff alleges that Harr Toyota did not provide Plaintiff with certain "critical disclosures" regarding the terms and conditions of the transaction. [Id. at 3]. Among other reasons, this objection is overruled because the failure to disclose claim to which it relates, [ECF No. 1 at 5], is time-barred. It is undisputed that Plaintiff and Harr Toyota entered into the operative retail installment sales contract ("RISC") on January 27, 2021. [ECF No. 1 at 5]. TILA claims "must be brought 'within one year from the date of the occurrence of the violation.'" Downey v. Wells Fargo Bank, N.A., Civil Action No. 12-11340-DJC, 2014 U.S. Dist. LEXIS 94406, at *21 (D. Mass. July 11, 2014) (quoting 15 U.S.C. § 1640(e)). As the First Circuit has noted, the date of the occurrence of the violation for disclosure violations in credit sales "is the date the transaction was consummated." Philibotte v. Nisource Corp. Servs. Co., 793 F.3d 159, 163 (1st Cir. 2015) (citations omitted). Absent the application of equitable tolling (which is not applicable here), the statute of limitations on Plaintiff's failure to disclose claim ran in January 2022, one year after she entered into the RISC with Harr Toyota. This suit was filed on October 20, 2023. Accordingly, the failure to disclose claim is time-barred and therefore Plaintiff's failure to disclose-related objection is overruled.

### c. Objection #3

Plaintiff's third objection is that the case is still in the discovery phase and that therefore "allowing the case to proceed will provide all parties with the opportunity to uncover and present all relevant evidence." [ECF No. 50 at 3]. This objection is unmeritorious. It is not a substantive legal argument that raises any meaningful objection to Magistrate Judge Hennessy's

factual findings or legal analysis. See e.g., Langone v. Son, Inc., No. 12-11717-GAO, 2015 U.S. Dist. LEXIS 77299, at *2 (D. Mass. June 15, 2015) (overruling objections to a report and recommendation where "[n]one of these requests is an actual objection to the magistrate's specific findings and recommendations. Instead, they are a general objection to dismissal of the claims."). Indeed, the request to engage in more discovery is simply a general objection to the recommendation to dismiss the claims. See id. Accordingly, this objection is overruled.

### d. Objection #4

Plaintiff's fourth and final objection is that "any additional details can be provided through an amended complaint." [ECF No. 50 at 3]. Like Objection #3, this is not a substantive challenge to any of Magistrate Judge Hennessy's factual findings or legal analysis. It is merely a "[c]onclusory objection" that does not "direct the reviewing court to the issues in controversy" and therefore it is not a valid objection to the R&R. See Velez-Padro, 465 F.3d at 32. Accordingly, it is overruled.

## IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. The R&R (ECF No. 48) is hereby ADOPTED and ACCEPTED pursuant to 28 U.S.C. § 636(b)(1)(C).

2. Defendant's Motion to Dismiss [ECF No. 11] is hereby GRANTED. Plaintiff's case against Harr Toyota is DISMISSED without prejudice.

**SO ORDERED.**

Dated: February 4, 2025

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
United States District Judge